IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP BRALICH, PH.D., | ) CIVIL NO. 17-00547 ACK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY PLAINTIFF'S MOTIONS TO |
| vs. | ) REMAND OR IN THE ALTERNATIVE |
| | ) MOTION FOR SUMMARY JUDGMENT FOR |
| BARRY A. SULLIVAN, ESQ.; MARK | ) FAILURE TO RESPOND OR IN THE |
| PIESNER; CHRIS FRY; JOHN | ) ALTERNATIVE TO COMPEL RESPONSES |
| BATALI; WILLIAM O'GRADY; | ) TO INTERROGATORIES AND FOR |
| PETER MORRELI; CRAIG | ) SANCTIONS FOR WASTING THE |
| WEISSMAN; SAM PULLARA; SCOTT | ) COURT'S AND PLAINTIFF'S TIME AND |
| ZIEGLER; TWITTER; THROWNET A. | ) MONEY |
| CA-CORP; THROWNET B. MA-CORP; | ) |
| SALESFORCE.COM INC.; | ) |
| MICROSOFT; STANFORD | ) |
| UNIVERSITY; NUANCE | ) |
| COMMUNICATIONS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS
TO REMAND OR IN THE ALTERNATIVE MOTION FOR SUMMARY
JUDGMENT FOR FAILURE TO RESPOND OR IN THE ALTERNATIVE
TO COMPEL RESPONSES TO INTERROGATORIES AND FOR SANCTIONS
FOR WASTING THE COURT'S AND PLAINTIFF'S TIME AND MONEY[1]

Plaintiff, proceeding pro se, filed a Motion to Remand or in the Alternative Motion for Summary Judgment for Failure to Respond or in the Alternative to Compel Responses to Interrogatories and for Sanctions for Wasting the Court's and Plaintiff's Time and Money, filed on November 17, 2017

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

("Motion"). ECF No. 24. Defendant Microsoft Corporation filed its Opposition to the Motion on November 30, 2017. ECF No. 68. Defendants Barry A. Sullivan, Nuance Communications, Salesforce.com Inc., Craig Weissman, and Chris Fry filed Joinders in the Opposition. See ECF Nos. 69, 70, 71, 72. Plaintiff filed his Reply on December 8, 2017. ECF No. 73. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 28. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was properly removed and RECOMMENDS that the district court DENY Plaintiff's Motion.

## BACKGROUND[2]

Plaintiff, together with another individual, developed a programable theory of syntax in the early 1990s. ECF No. 1-5 ¶¶ 22-23. In 1995, Plaintiff started a company, Ergo, to develop syntax software programs for patent. Id. ¶ 24. The patent, U.S. Patent No. 5,878,385 A, entitled "Method and Apparatus for Universal Parsing of Language" ("Ergo Patent") was granted in 1999. Id. ¶¶ 25, 66. Plaintiff alleges that the Ergo Patent was used to develop software that provided structural analysis of

---

[2] These background facts are provided for context only, are taken from the allegations in Plaintiff's Third Amended Complaint, and are not findings of fact by the Court.

sentences generated by speech or text.  Id. ¶ 28.  Defendant Sullivan served on Ergo's board, was its chief financial officer, and acted as the attorney for the company.  Id. ¶ 4.  Ergo closed in 1999.  Id. ¶¶ 78, 80.

Around the same time that Ergo ceased operations, Plaintiff alleges that Defendant Sullivan formed a competing company, Thrownet.  Id. ¶ 44.  Plaintiff alleges that Defendant Sullivan was granted access to Ergo's software source code and provided that code to Defendant Fry, Thrownet's head of engineering, for review.  Id. ¶¶ 46-48.  Plaintiff alleges that Defendant Fry then developed a software component "with exactly the same number of lines of code, 30,000, as the Ergo [software component]," which Plaintiff alleges is remarkable because Defendant Fry developed the component in two months and it took Plaintiff 15 years to develop the Ergo software component.  Id. ¶ 48.  Plaintiff alleges that Defendants used Ergo's patented technology to make their own software.  Id. ¶ 50.  Plaintiff alleges that Defendant Fry worked with other named Defendants to obtain a series of patents that were dependent on the software component that Plaintiff alleges was stolen from the Ergo patented technology.  Id. ¶¶ 56-62.  Plaintiff alleges that Defendant Sullivan violated his fiduciary and legal responsibilities to Plaintiff and conspired with the other named Defendants to steal Ergo's patented technologies.  Id. ¶ 63.

Plaintiff alleges that he did not learn of the full scope of the Defendants alleged actions until 2015.  Id. ¶¶ 80, 87, 90-94.

## PROCEDURAL HISTORY

Plaintiff, proceeding pro se, filed this action in the Circuit Court for the First Circuit of the State of Hawaii, on July 31, 2015.  See ECF No. 1-1 at 1.  Plaintiff filed an amended complaint on March 3, 2016.  ECF No. 1-2 at 1.  On August 4, 2016, the state court granted Defendant Sullivan's motion for a more definite statement and gave Plaintiff until August 12, 2016, to file a second amended complaint.  ECF No. 45-3 at 65-69.  Because Plaintiff did not file a second amended complaint by the court's deadline, Defendant Sullivan then filed a motion to dismiss.  See ECF No. 47-4 at 1-10.  The court denied Defendant Sullivan's motion to dismiss without prejudice and quashed attempted service of process of Plaintiff's late-filed second amended complaint on Defendant Sullivan on August 12, 2016, and August 26, 2016.  See ECF No. 50-6 at 50-52.

Plaintiff filed a request to file a third amended complaint, which was granted by the state court on January 31, 2017.  ECF No. 51-2 at 1, 104-05.  Plaintiff filed his Third Amended Complaint on March 1, 2017.  ECF No. 51-3 at 1.

Defendant Sullivan removed this action on May 4, 2017.  ECF No. 66-5 at 93.  The court remanded this case back to state court on October 30, 2017, finding that Defendant Sullivan's

4

removal was untimely. See ECF No. 8.

Defendant Microsoft filed its Notice of Removal on November 3, 2017. ECF No. 1; ECF No. 66-5 at 106. In its Notice of Removal, Defendant Microsoft states that it was served with the Third Amended Complaint on May 9, 2017, five days after this action had already been removed by Defendant Sullivan. ECF No. 1 at 4-5. In the present Motion, Plaintiff asks the Court to remand this case again because Defendant Microsoft's removal was untimely. ECF No. 24. Alternatively, Plaintiff asks the Court to grant summary judgment against Defendants based on their failure to answer interrogatories or to compel Defendants to respond to those interrogatories. Id. Finally, Plaintiff asks for sanctions against for Defendants for wasting time, money, and resources. Id.

## DISCUSSION

The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

5

instance.").

First, the Court rejects Plaintiff's argument that Defendant Microsoft's removal was untimely. Section 1446(b) provides that an action may be removed within thirty days after the defendant receives a "paper from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." See 28 U.S.C. § 1446(b)(3); Busch v. Jakov Dulcich & Sons LLC, No. 15-CV-00384- LHK, 2015 WL 3792898, at *3 (N.D. Cal. June 17, 2015) (quoting Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 692 (9th Cir. 2005) (internal quotation marks omitted)); see also Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) ("each defendant is entitled to thirty days to exercise his removal rights after being served"). Defendant Microsoft argues that the remand order is the paper from which it may be first ascertained that the case is removable. The Court agrees. At the time that Defendant Microsoft was served with the Third Amended Complaint, this case had already been removed to federal court and therefore was not removable. After remand was granted, the case became removable from state court and Defendant Microsoft filed its Notice of Removal within thirty days of receipt of the remand order. Accordingly, Defendant Microsoft's removal was timely. The Court RECOMMENDS that the district court DENY Plaintiff's request to remand this action.

Second, the Court RECOMMENDS that the district court DENY Plaintiff's request to enter summary judgment against Defendants because Defendants have not responded to discovery. As detailed in Defendant Microsoft's Opposition, discovery does not generally commence until the Rule 26(f) conference has been held. See Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). According to the Report of the Parties' Planning Meeting, the Rule 26(f) conference took place on November 13, 2017. ECF No. 67. In his Motion, Plaintiff asserts that he has sent several sets of interrogatories to Defendants and has not received responses. ECF No. 24. However, it appears that these discovery requests were sent prior to the parties' planning meeting. See ECF No. 73. Because this discovery was premature, Plaintiff's request for sanctions related to Defendants' failure to respond to that discovery should be DENIED. In his Reply, Plaintiff states that he served new interrogatories on November 15, 2017. See ECF No. 73. Although this discovery appears to be timely, Plaintiff's request for sanctions is premature because Defendants' responses were not due until December 15, 2017. If the parties are unable to resolve any disputes that may arise regarding this discovery, they may file the appropriate motion. Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's request for summary judgment.

Third, regarding Plaintiff's request to compel responses to discovery, for the same reasons discussed above, the Court RECOMMENDS that the district court DENY Plaintiff's request to compel.  For the interrogatories that Plaintiff served prior to the Rule 26(f) planning meeting, those discovery requests were premature.  For the interrogatories served on November 15, 2017, Defendants' responses were due on December 15, 2017, which means that any request to compel responses is premature.  Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's request to compel.

Finally, the Court RECOMMENDS that the district court DENY Plaintiff's request for sanctions.  Although the Court appreciates Plaintiff's frustration with the legal process, Defendants have proceeded expeditiously in removing this action pursuant to the applicable statute.  Based on the record, the Court does not find any evidence that Defendants have acted vexatiously in this litigation.  Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's request for sanctions.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DENY Motion to Remand or in the Alternative Motion for Summary Judgment for Failure to Respond or in the Alternative to Compel Responses to Interrogatories and for Sanctions for Wasting the

8

Court's and Plaintiff's Time and Money.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 20, 2017.



Richard L. Puglisi
United States Magistrate Judge

**BRALICH vs. SULLIVAN, ET AL.; CIVIL NO. 17-00547 ACK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS TO REMAND OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO RESPOND OR IN THE ALTERNATIVE TO COMPEL RESPONSES TO INTERROGATORIES AND FOR SANCTIONS FOR WASTING THE COURT'S AND PLAINTIFF'S TIME AND MONEY**

9