IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP BRALICH, PH.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BARRY A. SULLIVAN, ESQ.; ) <br> MARK PIESNER; CHRIS FRY; ) <br> JOHN BATALI; WILLIAM ) <br> O'GRADY; PETER MORRELI; ) <br> CRAIG WEISSMAN; SAM ) <br> PULLARA; SCOTT ZIEGLER; ) <br> TWITTER; THROWNET A. CA- ) <br> CORP; THROWNET B. MA-CORP; ) <br> SALESFORCE.COM INC.; ) <br> MICROSOFT; STANFORD ) <br> UNIVERSITY; NUANCE ) <br> COMMUNICATIONS, ) <br> ) <br> Defendants. ) <br> _____ ) | CV 17-00547 ACK-RLP <br><br> ORDER ADOPTING AS MODIFIED THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

ORDER ADOPTING AS MODIFIED THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION

On November 17, 2017, Plaintiff Philip Bralich filed a Motion to Remand or in the Alternative for Summary Judgment for Failure to Respond or in the Alternative to Compel Responses to Interrogatories and for Sanctions for Wasting the Court's and Plaintiff's Time and Money. ECF No. 24 ("November Motion"). Plaintiff first argued that Defendant Microsoft's removal was untimely. Id. at 2. Plaintiff also claimed that Defendants had improperly failed to respond to

1

four sets of interrogatory requests he had previously sent and sought summary judgment or in the alternative to compel responses and sanctions.  Id. at 2-4.

On December 20, 2017, Magistrate Judge Puglisi entered "Findings and Recommendation to Deny Plaintiff's Motions to Remand or in the Alternative Motion for Summary Judgment for Failure to Respond or in the Alternative to Compel Responses to Interrogatories and for Sanctions for Wasting the Court's and Plaintiff's Time and Money".  ECF No. 74 ("F&R").  On January 3, 2018, Defendants Barry A. Sullivan and Microsoft Corp. filed statements seeking to clarify the date of the fourth set of interrogatory requests.  ECF Nos. 75-76.  On that date, Plaintiff also filed a motion seeking to compel responses to the fourth set of interrogatory requests.  ECF No. 77 ("January Motion").  As noted in its recent minute order, the Court does not construe any of the parties' January 3, 2018 filings as objections to the F&R.  ECF No. 79.  Since no objections were filed, the Court reviews the F&R for clear error.  See Noetzel v. Haw. Med. Serv. Ass'n, 183 F. Supp. 3d 1094, 1098 (D. Haw. 2016).

With respect to Plaintiff's motion to remand, none of the parties have raised any concerns with respect to the recommendation to deny in any event.  Having carefully reviewed Defendant Microsoft Corp.'s removal and the F&R, the Court adopts the F&R as to the issue of remand for the reasons stated therein.  See F&R at 5-6.  Plaintiff's request to remand this action is DENIED.

With respect to Plaintiff's motion for summary judgment or in the alternative to compel responses to interrogatories and for sanctions, the Court generally considers it premature to have addressed discovery issues prior to resolution of the remand issue by this Court, as indicated in its prior minute order. ECF No. 79. Since this is a "court[] of limited jurisdiction," it is "presumed that a cause of action lies outside of this limited jurisdiction" until the contrary has been established by the party asserting jurisdiction. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 2017 WL 6601872, at *2 (9th Cir. 2017) (internal citation and quotation omitted). As such, the Court first "has an obligation to assure itself of jurisdiction." See Perry v. Luu, No. 1:13-CV-00729-AWI, 2013 WL 3354446, at *3 (E.D. Cal. July 3, 2013). Courts have indicated that "it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation as possible" since "[i]f jurisdiction does not exist, the case can be remanded before federal resources are further expended." Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004). Nevertheless, where the facts do not obviously support remand, some courts have proceeded to address other issues in conjunction with a motion to remand. See, e.g., J.W. v. Pfizer, Inc., No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) .

Because Plaintiff's motion to remand had not yet been finally resolved

by this Court, addressing discovery issues in the F&R invited possible waste of judicial resources. However, as the Court has now determined that Plaintiff's motion to remand should be denied, it will turn to the discovery issues addressed in the F&R. The parties' January 3, 2018 filings only raise concerns regarding the most recent of the four sets of interrogatory requests addressed in the F&R, the set sent in November 2017. See F&R at 7-8; ECF Nos. 75-77. The Court has carefully reviewed the F&R with respect to the three earlier sets of interrogatory requests, which are not the subject of the parties' January 3, 2018 filings, and adopts the F&R as to those sets of interrogatory requests for the reasons stated.[1] As to these interrogatories, Plaintiff's motion for summary judgment, or in the alternative to compel and for sanctions is DENIED.

As to the remaining set of interrogatory requests, Judge Puglisi proceeded on the basis that this set was served on November 15, 2017, and since

---

[1] The Court additionally notes that Plaintiff's continued assertion that Federal Rule of Civil Procedure 33 allows for interrogatories to be served "without leave of Court" and from the "commencement of the action" appears misplaced. See ECF No. 24 at 2; ECF No. 73 at 3, 5; ECF No. 77 at 3. This language does not appear in the Federal Rule of Civil Procedure 33. Rather, it appears in Rule 33 of the Hawaii Rules of Civil Procedure. State procedural rules only govern a state court action until it is removed to federal court. Prazak v. Local 1 Int'l Union of Bricklayers & Allied Crafts, 233 F.3d 1149, 1152 (9th Cir. 2000). After removal, federal procedural rules govern the action. Fed. R. Civ. P. 81(c)(1). As such, the Hawaii Rules of Civil Procedure do not apply in this action as long as it is in federal court. In addition, because under the federal rules discovery may not occur until the Rule 26(f) conference, any discovery requests propounded prior to removal and not yet due were void at least until the Rule 26(f) conference occurred. See Bridgham-Morrison v. Nat'l Gen. Assurance Co., Case No. C15-927RAJ, 2015 WL 12712762, at *3 (W.D. Wash. Nov. 16, 2015) (denying motion to compel interrogatory responses propounded in state court prior to removal).

responses were not yet due when Plaintiff filed his November Motion two days later, the requests for summary judgment, to compel, and for sanctions were premature. See F&R at 7-8. The Court notes that there appears to be a disagreement about the date this set of interrogatories was sent. Plaintiff did not identify the date of the November set of interrogatory requests until his reply brief. ECF No. 73 at 3. However, in that filing, Plaintiff also appears to have made conflicting representations as to the exact date this set of interrogatories was served. See id. (indicating that they had been mailed on November 7 and also served on November 15, 2017). In his January Motion, Plaintiff appears to take the position that the interrogatory requests were sent on November 15 and responses are now overdue, but repeats the same conflicting date representations. See ECF No. 77. at 3-4. In their January 3, 2018 filings, ECF Nos. 75-76, Defendants Barry A. Sullivan and Microsoft Corp. raised the issue of the date of the November set of interrogatory requests before this Court and claim it was sent prior to the Rule 26(f) planning meeting held on November 13, 2017.[2] See ECF Nos. 75-76.

        Although the exact date of the November set of interrogatory requests may be relevant to Plaintiff's January Motion seeking to compel discovery

---

[2] It appears that there may be a dispute as to the date of the Rule 26(f) conference, as Plaintiff has stated in multiple filings that it took place on November 15, 2017. See ECF No. 73 at 2; ECF No. 77 at 2-3. However, this two-day discrepancy appears immaterial to the parties' positions at this time.

5

responses, ECF No. 77, the Court finds it proper to ADOPT the F&R as to this set of interrogatories regardless of the exact date. If this set of interrogatory requests was sent before the Rule 26(f) planning conference, then, like the other sets of interrogatories, it constituted premature discovery. Plaintiff's November Motion should then be denied as to the November set of interrogatory requests for the same reasons as stated in the F&R as to the earlier sets of interrogatories. See F&R at 7-8. However, if this set of interrogatory requests was sent on November 15, 2017, then the Court agrees that Plaintiff's November Motion requesting summary judgment or in the alternative to compel and for sanctions as to the November set of interrogatories was premature and should be denied for the reasons stated in the F&R. See id. The Court therefore MODIFIES the F&R with respect to the November set of interrogatories in accordance with the above, and DENIES Plaintiff's November Motion as to this set of interrogatory requests as well.

With respect to Plaintiff's recently-filed January Motion seeking to compel discovery responses, ECF No. 77, the Court REFERS this motion to Judge Puglisi. In considering that motion, Judge Puglisi may address the various issues raised by the parties in the January 3, 2018 filings, to the extent appropriate. These issues include the exact date of the November set of interrogatories, Plaintiff's objections to the accuracy of Defendants' Report of Planning Meeting, the scope of the parties' apparent agreement to stay further discovery, and whether Defendants'

request for an order abating discovery is warranted at this stage. See ECF No. 73 at 2-5; ECF No. 75 at 4; ECF No. 76 at 2-3; ECF No. 77 at 2-5.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, January 23, 2018.

_____
Alan C. Kay
Sr. United States District Judge

Bralich v. Sullivan, et al., Civ. No. 17-00547 ACK-RLP, Order Adopting as Modified the Magistrate Judge's Findings and Recommendation.