IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP BRALICH, PH.D, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civ. No. 17-00547 ACK-WRP |
| ) | |
| BARRY A. SULLIVAN, ESQ.; ) | |
| MARK PIESNER; CHRIS FRY; ) | |
| JOHN BATALI; WILLIAM ) | |
| O'GRADY; PETER MORRELI; ) | |
| CRAIG WEISSMAN; SAM PULLARA; ) | |
| SCOTT ZIEGLER; TWITTER; ) | |
| THROWNET A. CA-CORP.; ) | |
| THROWNET B. MA-CORP.; ) | |
| SALESFORCE.COM INC.; ) | |
| MICROSOFT; STANFORD ) | |
| UNIVERSITY; NUANCE ) | |
| COMMUNICATIONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT SULLIVAN'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT, DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS, AND DISMISSING THE CASE**

For the reasons set forth below, the Court GRANTS Defendant Barry A. Sullivan's Motion to Dismiss Third Amended Complaint, ECF No. 142. The Court further sua sponte dismisses all claims against all defendants. The case is hereby DISMISSED.

**BACKGROUND**

Plaintiff, proceeding pro se, filed this action in state court on July 31, 2015. See ECF No. 1-1 (original state

court complaint). Plaintiff filed an amended complaint on March 3, 2016. ECF No. 1-2 at 1 (First Am. Compl.). On August 4, 2016, the state court granted Defendant Barry Sullivan's motion for a more definite statement and gave Plaintiff until August 12, 2016 to file a second amended complaint. ECF No. 45-3 at 65-69. Because Plaintiff did not do so, Sullivan filed a motion to dismiss. ECF No. 47-4 at 1-10. The state court denied the motion without prejudice and quashed attempted service of process of Plaintiff's late-filed second amended complaint on Sullivan. ECF No. 50-6 at 50-52. Plaintiff filed a request for leave to file a third amended complaint, which was granted by the state court on January 31, 2017. ECF No. 51-2 at 1-2, 104-05. Plaintiff filed his Third Amended Complaint on March 1, 2017. ECF No. 51-3 (Third Am. Compl.).

Sullivan removed this action to federal court on May 4, 2017. ECF No. 66-5 at 93; see also ECF No. 1, CV 17-000203 ACK-RLP (D. Haw. 2017). This Court remanded the case back to state court on October 30, 2017, finding that Sullivan's removal was untimely. ECF No. 8, CV 17-00547. While this case was removed, the parties filed numerous motions, of which the Court deferred consideration in light of the pending motion to remand. Id. After remand, Defendant Microsoft filed its own Notice of Removal on November 3, 2017. ECF No. 1. Plaintiff

filed a motion to remand on November 17, 2017, which this Court denied on January 23, 2018. ECF Nos. 24, 81.

The Court ordered that the motions filed during the first removal be reinstated in the instant matter. ECF No. 8. The Court construed the two motions Plaintiff filed to be seeking entry of default and referred them to the magistrate judge. ECF No. 84. Those motions were denied on February 23, 2018. ECF Nos. 115, 116. The Court then determined to first resolve Defendant Craig Weissman and Defendant Salesforce.com Inc.'s Motions to Dismiss, to which Defendants Microsoft and Chris Fry (collectively, "the Salesforce Defendants") filed substantive joinders. ECF Nos. 9 ("Weissman Mot."), 10 ("Salesforce Mot."), 11 ("Fry Joinder"), 13 ("Microsoft Joinder"). The remaining motions carried into Defendant Stanford and Nuance Communications' Motions to Dismiss, which were scheduled to be heard before this Court on April 23, 2018. ECF Nos. 99, 138. On March 20, 2018, discovery was stayed pending resolution of the motions to dismiss. ECF No. 123.

Plaintiff's previously filed responses to these motions were also reinstated in the instant case. ECF Nos. 17 ("Opp. to Salesforce"), 18 ("Opp. to Fry"), 19 ("Opp. to Weissman"), 22 ("Opp. to Microsoft"). Plaintiff already filed responses to Stanford and Nuance's motions. ECF Nos. 20, 21. On February 1, 2018, Plaintiff filed a "Further Response and

3

Further Evidence to Counter Initial Motions." ECF No. 92 ("Pl. Supp. Resp."). Replies were filed on March 23, 2018. ECF Nos. 125 ("Weissman" Reply); 126 ("Salesforce Reply").

Plaintiff also filed a Motion to Reinclude Twitter in the List of Defendants, ECF No. 97, which the Court granted on April 3, 2018. ECF No. 130. The Court reserved determination of the time frame in which Plaintiff must amend his pleading to add Twitter back as a defendant pending its resolution of the motions to dismiss scheduled for hearing on April 23, 2018. ECF No. 130.

The Court held a hearing on the Salesforce Defendants' Motions and Joinders on April 9, 2018. ECF No. 132. By Order dated April 10, 2018, the Court dismissed Weismann from the action with prejudice for lack of personal jurisdiction; dismissed Plaintiff's patent infringement claim with prejudice; dismissed Plaintiff's RICO claims against the Salesforce Defendants without prejudice and with leave to amend; dismissed Plaintiff's Hawaii Uniform Trade Secrets Act ("HUTSA") misappropriation claims against Salesforce, Weissman, and Microsoft without prejudice and with leave to amend, but denied Fry's Joinder on this issue; and dismissed Plaintiff's fraud claims against the Salesforce Defendants without prejudice and with leave to amend. ECF No. 134. The Court ordered an amended complaint correcting the deficiencies in his pleading be filed

4

within 30 days of the date of the Order addressing the matters to be heard at the April 23, 2018 hearing. ECF No. 134.

The Court held a hearing on Stanford University and Nuance Communications' Motions to Dismiss on April 23, 2018. ECF No. 138. By Order dated April 23, 2018, the Court granted both Motions, dismissing Defendants Stanford and Nuance with prejudice for lack of personal jurisdiction, subject to discovery revealing a basis for personal jurisdiction over them. ECF No. 139. The Court further specified that it provided Plaintiff 30 days from the date of the Order, dated April 23, 2018, for Plaintiff to file an amended complaint to add Twitter back as a defendant and to address the deficiencies noted in the Salesforce Order, ECF Nos. 130 and 134. ECF No. 139.

Plaintiff did not file an amended complaint. More than a year passed. On June 5, 2019, Defendant Sullivan filed a Motion to Dismiss the Third Amended Complaint in its entirety, with prejudice and without leave to amend as against all Defendants, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 142. The Court set the matter for hearing on October 8, 2019. ECF No. 142. Plaintiff filed a Response to Defendant Sullivan's Motion on June 14, 2019, stating: "I do not object to the Motion to Dismiss . . ., not because I have acquiesced in any of my positions or claims, but only because I am tired of it." ECF No. 144 at 2. Defendant Sullivan filed

his Reply on June 24, 2019, noting the lack of opposition and requesting the Motion be resolved without a hearing pursuant to Local Rule 7.2.  ECF No. 145 at 2.

On July 15, 2019, the Court acknowledged Plaintiff's statement that he "do[es] not object to the Motion to dismiss," and Defendant Sullivan's request that the Motion to Dismiss the Third Amended Complaint, ECF No. 142, be decided without a hearing.  ECF No. 146.  The Court vacated the October 8, 2019 hearing date and took the matter under consideration without a hearing pursuant to Local Rule 7.2(d).  Id.  The Court explicitly stated in its Minute Order that the "Motion to Dismiss seeks dismissal as to all named Defendants" and therefore provided any party an opportunity to object "to this Court's deciding the Motion to Dismiss as a non-hearing motion."  Id.  No objections were filed.

## STANDARD

Federal Rule of Civil Procedure 41(b) provides, in relevant part:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In addition, courts have the "inherent power" to "dismiss sua sponte for lack of prosecution."  Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132,

6

115 L. Ed. 2d 27 (1991) (holding the Court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (holding that under some circumstances "courts may dismiss under Rule 41(b) sua sponte"). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R. Co., 370 U.S. at 629; see also Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

To determine if dismissal is warranted, the District Court must consider five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the public policy favoring the disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994); see also In re

7

Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

**DISCUSSION**

The Court first addresses the ability of a single defendant to move for dismissal of an entire action, including claims against nonmoving defendants. The Court finds that Defendant Sullivan may lack the authority to seek dismissal of the entire action under Rule 41(b). The Court's sua sponte power, however, does provide authority to dismiss the entire action. The Court construes Defendant Sullivan's Motion as moving the Court to dismiss the action as against him, and requesting the Court exercise its sua sponte power to dismiss the action as against nonmoving Defendants.

The Court finds that the application of the five factors relevant to the failure to prosecute warrant a dismissal in this case. The Court dismisses the action as to all Defendants.

**I.  The Authority of Defendant Sullivan to Seek Dismissal of the Action as Against Nonmoving Defendants**

The text of Rule 41(b) states that "a defendant may move to dismiss the action or any claim <u>against it</u>." (Emphasis added). It is not obvious from the face of the statute whether this language means: (1) that a defendant is permitted to move to dismiss the action against it, or any claim against it; or

(2) that a defendant is permitted to move to dismiss the action in its entirety, or any claim against it specifically. If a defendant may only seek dismissal of an action <u>against it</u> under Rule 41(b), and not of the action in its entirety, then Defendant Sullivan may not obtain through his motion alone the dismissal of the action "in its entirety . . . as against all Defendants." ECF No. 142-1 at 1.

This Circuit has considered the definition of "action" in the context of Rule 41(a) and held that an action can refer to either an action in its entirety or an action as against an individual defendant. Rule 41(a) provides for voluntarily dismissals by a plaintiff, and under this statute a plaintiff may only dismiss "<u>actions</u>, not [] individual claims." <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 687 (9th Cir. 2005) (emphasis in original). The <u>Hells Canyon</u> court acknowledged that a literal reading of the phrase "[d]ismissal of [a]ctions" would permit "dismissal only of an <u>entire</u> action against <u>all</u> defendants." <u>Id.</u> (emphasis in original). But rather than adopt that literal reading, the court instead interpreted Rule 41(a) to also "allow the dismissal of <u>all</u> claims against <u>one</u> defendant." <u>Id.</u> (emphasis in original); <u>see also</u> <u>Pedrina v. Chun</u>, 987 F.2d 608, 609 (9th Cir. 1993) (finding the word "action" in Rule 41(a)(1) meant "dismissals of the plaintiff's entire case," but could also

9

include dismissals of "the entirety of claims against any single defendant").

The Court finds it meaningful that Rule 41(a) relates to the ability of a plaintiff to dismiss its own claims. However, the Ninth Circuit's definition of the term "action" in Rule 41(a) does not appear to apply to Rule 41(b) to provide a defendant the ability to dismiss claims that do not relate directly to it. The Court notes there is a scarcity of cases directly construing Rule 41(b) in this regard. The Court is hesitant to read a definition of the term "action" into Rule 41(b), which would permit a single defendant the ability to dismiss claims against other nonmoving defendants. Instead, it appears a defendant may only move to dismiss the claims brought against it.[1] To hold otherwise would seem to contradict the principles of standing. See generally Mantin v. Broad. Music, Inc., 248 F.2d 530, 531 (9th Cir. 1957) (considering a motion to dismiss under Rule 12(b)(6) and holding that "moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants."). The specific inclusion of the

---

[1] See, for example, Hocker v. CitiMortgage, Inc., No. 1:09-CV-00973, 2012 WL 174967, at *5 (M.D. Pa. Jan. 20, 2012) (denying a motion to dismiss "the action" under Rule 41(b) where the motion sought dismissal of claims against nonmoving defendants).

10

phrase "against it" in the text of Rule 41(b) supports this holding.[2]

Although the Court now rules that a defendant may only seek dismissal of an action <u>against it</u> under Rule 41(b), the Court may still exercise its sua sponte power to reach a dismissal as against all Defendants in this case. Defendant Sullivan raises this in his Motion, and the Court therefore construes his Motion as requesting the Court exercise its sua sponte power. Mot. at 6 & n.2. Therefore, regardless of Defendant Sullivan's standing to seek dismissal of the action as against nonmoving Defendants, the Court exercises its sua sponte power to consider the failure of plaintiff to prosecute this action as against all Defendants.[3]

## II. Application the Five Factors

---

[2] On the other hand, it may be argued to the contrary by applying the rule of the last antecedent. This canon of statutory interpretation provides that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." <u>Lockhart v. United States</u>, 136 S. Ct. 958, 962, 194 L. Ed. 2d 48 (2016) (quoting <u>Barnhart v. Thomas</u>, 540 U.S. 20, 26, 124 S. Ct. 376, 380, 157 L. Ed. 2d 333 (2003)) (alteration in original). Applying the rule of the last antecedent to the phrase "a defendant may move to dismiss the action or any claim against it" results in an interpretation that "against it" modifies only "any claim" and not "the action." Thus, a defendant may move to dismiss the action, or it may move to dismiss any claim against it.

[3] The Court reiterates that on July 15, 2019, the Court acknowledged Plaintiff's statement that he "do[es] not object to the Motion to dismiss," and Defendant Sullivan's request that the Motion to Dismiss the Third Amended Complaint, ECF No. 142, be decided without a hearing. ECF No. 146. The Court vacated the October 8, 2019 hearing date and took the matter under consideration without a hearing pursuant to Local Rule 7.2(d). <u>Id.</u> The Court explicitly stated in its Minute Order that the "Motion to Dismiss seeks dismissal as to all named Defendants" and therefore provided any party an opportunity to object "to this Court's deciding the Motion to Dismiss as a non-hearing motion." <u>Id.</u> No objections were filed.

### a. The Public's Interest in Expeditious Resolution of Litigation

This matter was first filed on March 3, 2016 – approximately three and a half years ago. ECF No. 1-2 at 1. While the matter initially involved active motion practice as evidenced by the extensive procedural history, supra, it has since become dormant. Plaintiff was granted 30 days to file an amended complaint from the Court's April 23, 2018 Order. ECF No. 139. After this Court's April 23, 2018 Order, no party filed anything on this docket until the present Motion to Dismiss was filed by Defendant Sullivan more than thirteen months later. Plaintiff's more than year-long silence constitutes an unreasonable delay. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (stating dismissal under Rule 41(b) requires a finding of unreasonable delay).

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Because Plaintiff has failed to move this case forward at all in the prior thirteen months, this factor weighs strongly in favor of dismissal.

### b. The Court's Need to Manage Its Docket

The Court provided Plaintiff 30 days to file an amended complaint beginning on April 23, 2018. ECF No. 139.

Plaintiff has not done so to date.  The Court's need to manage its docket favors dismissal because it is incumbent upon the Court to manage its docket without being subject to routine noncompliance with its ordered deadlines, especially where Plaintiffs did not notify the Court of the reason for the delay or request a continuance.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . .").

### c. The Risk of Prejudice to the Defendants

Where there has been an unreasonable delay, there is a presumption of prejudice.  In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994).  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.  The presumption of prejudice from an unreasonable delay is rebuttable.  In re Eisen, 31 F.3d at 1452.

Not only has Plaintiff failed to rebut the presumption of prejudice here, but he has conceded that he does not oppose dismissal of the case.  ECF No. 144 at 2.  Therefore, this factor weighs in favor of dismissal.

### d. The Public Policy Favoring the Disposition of Cases on Their Merits

13

Because "[p]ublic policy favors disposition of cases on the merits," this factor weighs against dismissal. Pagtalunan, 291 F.3d at 643 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

### e. The Availability of Less Drastic Alternatives

Plaintiff has been provided four opportunities to amend his complaint. See ECF No. 139 (providing leave to file a fourth amended complaint). Plaintiff has failed to do so. Nor did Plaintiff raise any objection to the Court's consideration of this matter without a hearing, despite the Court's reminder that "[t]he Motion to Dismiss seeks dismissal as to all named Defendants." ECF No. 146; see also ECF No. 134 (this Court's April 10, 2018 Order finding the Third Amended Complaint did not satisfy the pleading standard under Federal Rule of Civil Procedure 8, and warning that "[f]ailure to clearly set out how each and every defendant is alleged to have violated the plaintiff's legal rights may lead to dismissal with prejudice."); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("[A]n express warning regarding the possibility of dismissal" may be a prerequisite "when dismissal is undertaken by the court, sua sponte, . . . but there is no warning requirement when dismissal follows a noticed motion under Rule 41(b)."). Defendant Sullivan's Motion to Dismiss the Third Amended Complaint sought dismissal of the entire Complaint

as to all Defendants with prejudice.  Plaintiff has failed to take any action in this case for more than a year, and has submitted he has no objection to the dismissal of this case.  Further, a monetary sanction under Federal Rule of Civil Procedure 11 would be less appropriate in this instance than dismissal because Plaintiff has explicitly chosen not to oppose this Motion to Dismiss.  ECF No. 144 at 2.

Upon consideration of less drastic alternatives, the Court finds this factor weighs in favor of dismissal with prejudice.

Four out of the five factors weigh in favor of dismissing the case.  Plaintiff does not oppose dismissal in this case.  Dismissal with prejudice is therefore warranted pursuant to Federal Rule of Civil Procedure 41(b) and pursuant to the inherent power of the Court.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Sullivan's Motion to Dismiss as unopposed in its entirety, and Plaintiff's claims are DISMISSED with prejudice and without leave to amend as against Defendant Sullivan under Federal Rule of Civil Procedure 41(b).  The Court further acts sua sponte to DISMISS Plaintiff's claims for lack of prosecution with prejudice and without leave to amend as against all Defendants.

This case is hereby DISMISSED. The clerk of the court is directed to close the case.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, September 17, 2019.



Alan C. Kay
Sr. United States District Judge

Bralich v. Sullivan, et al., Civ. No. 17-00547 ACK-WRP, Order Granting Defendant Sullivan's Motion to Dismiss the Third Amended Complaint.